UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN THOMPSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16-CV-0761-SPM |
| | ) |
| TOM VILLMER, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Kevin Thompson's Motion for Summary Judgment. (Doc. 5). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 4). For the following reasons, the motion will be denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On March 9, 2011, Petitioner was indicted on three counts of statutory sodomy in the second degree. *See* Resp't Ex. A, at pp. 14-15. On April 11, 2012, a superseding indictment charged defendant with eleven counts of statutory sodomy in the second degree. *See id.* at pp. 22-26. On or around August 22, 2012, a jury found Petitioner guilty of eleven counts of statutory sodomy in the second degree. *See* Resp't Ex. A., at pp. 79-89. On or around November 8, 2012, judgment was entered on all eleven counts, and Petitioner was sentenced. *See id.* at pp. 90-97.

On May 27, 2016, Petitioner filed his petition for a writ of habeas corpus, alleging six grounds for relief: (1) that Petitioner's trial counsel was ineffective for failing to investigate and depose the victim before trial; (2) that Petitioner's trial counsel was ineffective for failing to object to the prosecutor's use of leading questions throughout the direct examination of the victim; (3)

1

that trial counsel was ineffective for failing to cross-examine Detective Herr with his police report; (4) that Petitioner's convictions violated the double jeopardy clause; (5) that the trial court erred by failing to declare a mistrial during the state's closing argument based on improper personalization; and (6) that the trial court erred by failing to declare a mistrial during the state's closing argument after the prosecutor characterized Petitioner in a manner that was without an evidentiary basis.

On June 22, 2016, Petitioner filed the instant motion for summary judgment, seeking judgment in his favor on the petition.

## II.  LEGAL STANDARDS

In the habeas setting, a federal court is bound by AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Court shall grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III. DISCUSSION

Petitioner argues that he is entitled to summary judgment on his habeas petition because the undisputed evidence shows that "the state court's decision resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See* 28 U.S.C. § 2254(d)(2). Specifically, Petitioner points to two erroneous statements contained in the state court's decisions: (1) a statement in the motion court's Amended Findings of Fact, Conclusions of Law and Order on Petitioner's motion for post-conviction relief indicating that Petitioner was indicted on eleven counts of second degree statutory sodomy on March 9, 2011, Resp't Ex. G, at p. 72; and (2) a statement in the Missouri Court of Appeals' Memorandum Supplementing Order Affirming Judgment on Petitioner's motion for post-conviction relief indicating that "[o]n March 9, 2011, [Petitioner] was indicted on eleven counts of second-degree statutory sodomy," Resp't Ex. J, at p. 2. Petitioner points out that he was actually indicted on only three counts of second-degree sodomy on March 9, 2011. It was not until April 11, 2012, that a superseding indictment was filed charging him with eleven counts of second-degree sodomy.

Respondent acknowledges that both state courts made a mistake regarding the date on which Petitioner was charged with eleven counts of statutory sodomy. However, as Respondent correctly points out, this mistake has nothing to do with the validity of Petitioner's conviction and sentence. There is nothing in the record to indicate that the state court's mistake regarding the dates on which Petitioner was indicted played any role whatsoever in either state court's decision on Petitioner's motion for post-conviction relief. Thus, contrary to Petitioner's contention, he has not shown that the state court's decision was "based on" this error of fact. In addition, Petitioner has not explained how the specific date on which he was indicted has anything to do with the six claims

3

in his petition. Thus, Petitioner has not shown that he is entitled to judgment as a matter of law on his petition.

**IV.   CONCLUSION**

For all of the above reasons,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Summary Judgment (Doc. 5) is **DENIED**.

/s/ Shirley Padmore Mensah
_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of November, 2016.